TAYLOR *et al. vs.* CENTRAL RAILROAD.    CENTRAL RAILROAD *vs.* TAYLOR *et al.*

[JACKSON, Chief Justice, being disqualified in this case, Judge UNDERWOOD, of the Rome circuit, was appointed to preside in his stead.]

1. The rulings of the court on exceptions of law to a master's report do not form grounds for a motion for new trial after verdict. They may be assigned as errors in the same bill of exceptions which brings up the refusal of a new trial, if it be tendered within the proper time after such rulings are made. Otherwise exceptions *pendente lite* may be filed, and error assigned thereon after final termination of the case and bill of exceptions taken to the final judgment therein.

(*a.*) That rulings of the court on exceptions of law to a master's report are set out as grounds for a new trial, will not work a dismissal of the writ of error if there are other grounds of the motion or assignments of error. The result will be merely to exclude from our consideration such allegations of error.

2. Errors in a decree give no ground for setting aside the verdict on which it is based, and granting a new trial. Such errors are curable by direct exception thereto.

3. The verdict was not contrary to law or the evidence.

4. Under the facts of this case the amount of the decree against the Central Railroad was right.

5. Upon payment of the amount found against the railroad company on account of its title under a bill filed to settle its rights to certain property in litigation, it was entitled to a perpetual injunction to prevent further disturbance thereof, and to have the title confirmed.

Equity. Practice in Superior Court. Practice in Supreme Court. Before Judge SIMMONS. Bibb Superior Court. October Adjourned Term, 1880.

Reported in the decision.

JOHN C. RUTHERFORD; JOHN RUTHERFORD; S. H. JEMISON, for Taylor *et al.*

A. R. LAWTON; R. F. LYON, *contra.*

SPEER, Justice.

These were bills of exceptions respectively brought by the parties below, Henry M. Taylor, the respondent below, excepting by his bill to the judgment of the court in refusing a motion for a new trial in said cause, the Central Railroad and Banking Company filing their exceptions to certain alleged errors committed by the court in entering a decree on the findings of the jury on exceptions filed to the auditor's report on the trial in the court below. By consent the two causes are before us, upon one hearing, embracing both cases.

The following is a brief summary of the cases tried, as presented by the record: In 1872 Lowe, as trustee for Mrs. Sarah Caldwell and her children, brought his action in Bibb superior court to recover of the Central Railroad and Banking Company lot No. 3 in square 44 in the city of Macon, containing one-fourth of an acre of land. This lot is one of a block of four lots, to-wit, 1, 2, 3, 4, in square 44, on which is situated the general passenger car-shed in said city.

In 1874 Henry M. Taylor also commenced his action of ejectment in Bibb superior court to recover of the same defendant the possession of the same lot with *mesne* profits.

After these several suits, the Central Railroad and Banking Company filed their bill in chancery against Lowe, as trustee, and Henry M. Taylor, plaintiffs in the two actions in ejectment, for injunction, relief, etc., in which various equitable defenses are set up against a recovery in said suits in ejectment, and seeking a perpetual injunction against said common law suits, and also a decree confirming and settling the title held by said company to the premises in dispute.

The several answers were filed by the respondents to this bill, and by a consent decree, Lowe, trustee, one of the parties, plaintiff in ejectment, and said Central Rail-

v 67—9

road and Banking Company settled and compromised the litigation pending between them, and the cause proceeded no further as to them.   On an amended bill and answers thereto, as well as to the original bill, all the pleadings, consisting of the original bill, amended bill, answers and amended answers between the Central Railroad and Banking Company and Henry M. Taylor and Elizabeth K. Taylor, as administratrix of William Taylor, were, by order of the court, submitted to a master to inquire and investigate the issues of law and fact and make a report on the same, both as to the law and facts.   In due time the master made his report, both as to the law and facts as set forth in the record, and embracing twenty-one distinct issues, reported thereon.   To this report of the master the Central Railroad and Banking Company filed a number of exceptions as to matters of fact.

Henry M. Taylor, the respondent below, likewise filed various exceptions as to matters of fact, as reported by said master, all of which were disallowed by the jury except the tenth exception, which was stricken by the court, and the twelfth exception, which was held to be an improper exception for the jury, but was for the court. Henry M. Taylor likewise filed various exceptions of law to the master's report, which were heard and tried by the court before the exceptions filed to the facts were tried by the jury.   After the trial on the exceptions of law by the court, the exceptions filed to the questions of fact were submitted to and tried by a jury and a verdict rendered *seriatim* on each.   The defendant, Taylor, filed no exceptions directly to the judgment of the court, pronounced on the exceptions as to matters of law on said report, submitted to and tried by it, but on the return of the verdict by the jury on the various exceptions filed on the facts, moved for a new trial, not only on the alleged errors committed by the jury in their finding of the facts and the rulings of the court in admitting and excluding evidence and charges made on said trial before the jury,

but also embraced in said motion for new trial various grounds of alleged error by the court on the exceptions of law filed to the master's report, and which were heard and adjudged by him before the exceptions on questions of fact were submitted to and tried by the jury.

The court below overruled the motion for a new trial, and Taylor, by bill of exceptions, filed on the refusal of said motion, now seeks not only to review the errors alleged to have been committed on the trial before the jury by the court and jury, but also to review the alleged errors the court may have committed on the questions of law on the master's report excepted to and submitted and tried by the court and passed upon before the exceptions on the facts were submitted to the jury.

1. On the calling of the case the defendant in error, the Central Railroad and Banking Company, moved to dismiss the bill of exceptions filed by Henry M. Taylor, because there was no error assigned according to law and the practice of the courts, as to the questions of law on the master's report heard and determined by the court. It appears from the record that all matters of law and fact were referred to a master who, on investigation had, made a report thereon. To this report Henry M. Taylor filed fifteen exceptions of law, and also various exceptions of fact. The complainant below also filed various exceptions of fact. The exceptions of law were heard and determined by the court adversely to Taylor. The exceptions of fact were submitted to and tried by a jury and a verdict rendered *seriatim* on each. The defendant Taylor filed no exceptions to the judgment of the court directly as to the matters of law, but moved for a new trial, and in said motion for new trial assigned error on the rulings of the court, disallowing the exceptions of law filed to the master's report, and also to the errors on the trial before the jury in their finding upon the issues made upon exceptions of fact. The court overruled the motion for new trial and the bill of exceptions is brought here by Taylor to review

the judgment of the court overruling the motion for new trial.

It is insisted that questions of law springing out of a master's report are separated, kept apart, and tried apart, and by a different tribunal, from exceptions of fact—the first by the court, the latter by a jury, and that the motion for a new trial applies alone to the trial had before the jury and the verdict rendered by it. Graham on New Trials; Tidd's Pr., 903-4-5, *et seq.;* 2d Danl. Ch. Pr., 26, 840-43, 1085; Code, §§3711, 3721; Acts 1853-4, p. 46.

The trial before the jury was alone on matters of fact stated in the exceptions, but in aid or correction of the master's report in the particulars complained of, and these were unmixed with issues of law, and the effect of their verdict was to correct such errors of the master or to confirm his report of the facts as made. And on the facts so ascertained the chancellor made up the decree of the court, and that decree embraces and disposes of all questions of law that are involved or flow from such facts affecting the rights of either party in the controversy under the law, and if the decree is erroneous in the application of the law to the facts, or a misconstruction or misapprehension of the facts, or otherwise, it cannot be corrected or reached by a motion for new trial, but by exceptions, writ of error, etc.

It is well settled that a motion for a new trial will not lie for errors in the decree or rulings of the court when disconnected from the trial before the jury. 62 *Ga.,* 154; *Ib.,* 223; *Price vs. Lathrop & Co.,* 66 *Ga.,* 545; 59 *Ga.,* 25; 47 *Ib.,* 414. The only exceptions founded on the finding or error of the jury are that the verdict was contrary to the evidence and the law.

In contemplation of law there are two trials involved in the exceptions of law and fact filed to a master's report, one before the judge on the questions of law; one before the jury on the exceptions filed on the facts. The exceptions of law tried by the judge may not be heard at the

same term as the other, and the one necessarily precedes the trial of the other. The errors of the judge on his trial of the exceptions of law must, in our opinion, be reviewed directly by exceptions thereto, writ of error, etc.; or, if the final trial is not had at that term on the facts, by filing exceptions *pendente lite* to such rulings, properly certified and placed upon the record during the term, to await the final disposition of the case; and at its final termination they can be brought by writ of error to this court and error assigned thereon, and a reversal or new trial may be had thereon when it is manifest that such erroneous decision of the court has or may have affected the final result of the case. Code, §4250. We are of opinion that this course will more correctly conform to the practice in chancery proceedings, and be in harmony with the decisions made by this court on kindred questions that have arisen. We do not think, however, that the attempt to embrace the assignments of error on the trial before the court of exceptions, based upon questions of law in the motion for new trial, and exceptions thereon, should operate to the dismissal of the writ of error. These assignments of error on the judgment of the court on the trial before him on questions of law, not having been properly brought before this court in this motion for new trial, cannot, we hold, be considered by the court, but the plaintiff in error will be limited to such assignments of error as are *properly embraced* in his motion for new trial. The motion to dismiss the bill of exceptions is therefore overruled.

We do not mean to say that these exceptions to the decision of the judge on exceptions of law may not be embraced in the same bill of exceptions that brings up the motion for new trial, but that the exceptions must be made directly to the rulings of the court, and they cannot properly be embodied in the motion for new trial, as they are foreign to, and independent of, said motion.

The third ground of the motion for a new trial is be-

cause the court erred in overruling each and all of the fifteen exceptions of law filed by Henry M. Taylor to the master's report. This ground, under the ruling just made, cannot be considered by the court.

. So, likewise, the fourth ground of the motion for new trial was one of the exceptions of law to the master's report, stated in the fourteenth exception tried by the court, and is not the subject of review on assignment of error in refusing a new trial.

The same rule excludes from our consideration the fifth, sixth and seventh grounds of the motion, because they are upon matters of law, contained in the fourth and sixth exceptions of law, and passed upon by the court on the hearing before him, and not the subject of review in this bill of exceptions filed, as this is, on motion for new trial.

We cannot see that the requests to charge, as set forth in the eighth ground of the motion for new trial, were illustrative or applicable to any of the issues of fact before the jury. They were questions of law decided by the judge, and not properly before the court for review.

2. The ninth and eleventh grounds of the motion are exceptions founded on errors in the decree and cannot be heard, as has been ruled by this court, on a motion for new trial.

Neither was there error in the court excluding certain allegations in the pleadings to be used as evidence, and errors of the judge on the issues of law decided by the judge, as are complained of in the tenth ground of the motion, as they were not relevant or pertinent to any issues of fact on trial before the jury. So the twelfth ground of the motion, on error in rulings of the judge on the issues of law, is excluded by reason of the exceptions not having been properly before this court.

3. There remains, therefore, the question, was the verdict contrary to evidence and contrary to law?

A prime question in this case is whether William Taylor,

the father of the respondent, Henry M. Taylor, and under whom he claims as heir at law, had a fee in the premises sued for, or did he have only a life estate?

Luke Ross owned this lot, and on the 4th November, 1831, conveyed it to " H. G. Ross, in trust for Sarah Griffin, since Caldwell, during her life, and at her death to such child or children, or their heirs as may be then living." Henry G. Ross, trustee, by an order of the judge of the superior court of Bibb county, in 1848, conveyed the title to Washington. The children of Sarah Griffin were no parties to the petition under which this order was granted, either directly or indirectly, and as their title could only vest after the death of their mother, Sarah Griffin, were not affected by the order or sale under it. Hence, Washington only acquired the title of Sarah Griffin, which was her life estate. From Washington the title came down by regular links or deeds to William Taylor, the father of Henry M. Taylor, he only acquiring the title held by Washington, to-wit: the life estate of Sarah Griffin; and as against these remaindermen, the children of Griffin, no prescriptive title could be acquired by Taylor, since Sarah Griffin was still in life. 55 *Ga.*, 506; *Frank vs. Berkner*, September term, 1881.

William Taylor, then, at his death owned the life estate of Sarah Griffin to this property. William Taylor at his death left a widow and four sons who were his heirs; one died an infant, leaving the mother and three sons. The mother parted with her share when she sold the whole lot to complainant, and which was sought to be consummated by the sale by the sheriff. Under that sale, complainant went into possession, and thereby by prescription acquired her one-fourth interest, and the other two-fourths of the two other children passed also to the complainant by their *laches* to sue or acquiesence in the sale, and this ripened into a prescription as against them in favor of complainant— leaving Henry M. Taylor one-fourth interest. It further appears from the sale of this lot by Mrs. E. K. Taylor to

the complainant, that with the proceeds of the sale she paid various debts of the estate of her intestate, William Taylor, and invested balance in other real estate in the city of Macon for the estate—which was exchanged, sold and re-invested again and again—and upon these facts the jury found " that all of said sales, purchases and changes of property, commencing with that of the Kellingworth lot, was for the benefit of said estate, and the heirs at law thereof, and of which they received the full benefit and use, and the same was more than full compensation to the heirs at law and creditors of said estate for lot three in square forty-four."

If, then, William Taylor acquired only the life estate of Sarah Griffin to the lot in dispute, and the same was sold by his administratrix, and from the proceeds of said sale, the debts of the estate were paid and the heirs at law and the estate received the benefit thereof, in part, then on accounting as by the verdict and decree found for the amount found still to be due to Henry M. Taylor for his share thereof then in equity we think that the title of the complainant should be confirmed and the suit to recover the premises should be perpetually enjoined.

The judgment of the court overruling the motion for a new trial is affirmed.

4. To the decree of the court rendered on the finding of the jury, the complainant, the Central Railroad and Banking Company filed their exceptions, and which by writ of error are brought here for review.

The exceptions are :

That the court erred in decreeing, under the finding of the jury, that Henry M. Taylor should recover of the Central Railroad and Banking Company the sum of eight hundred and eighteen dollars and seventy-five cents as being one-fourth of the value of the premises for rent after deducting two hundred dollars received, and the sum of seven hundred and seventy-five dollars and ninety seven

cents as interest from the 1st day of October, 1854 to the 1st of December, 1880.

That the court erred in decreeing in favor of said Taylor against said Central Railroad and Banking Company the sum of three dollars and twelve and one-half cents per month from the 1st December, 1880, during the life of Sarah Caldwell.

That the chancellor should have decreed that the suit of Henry M. Taylor against the Central Railroad and Banking Company should be perpetually enjoined, and that the title and possession of said Central Railroad and Banking Company of lot No. 3, in square 44, shall be good and valid against said Henry M. Taylor and Elizabeth Taylor, the administratix.

Was the decree of the court right when rendered on the verdict in favor of Henry M. Taylor against the Central Railroad and Banking Company for one-fourth interest of the rent of the premises from October, 1853, to December, 1880, with interest? The master so reported in the twenty-first finding. He fixes the amount of rent due Taylor at $818.75, after charging him with the amount ($200.00) he had received from the estate.

In the sixth exception, as to matter of fact reported in the nineteenth ground by the master, the complainant said "that he (the master) should have found, and so reported under the evidence, that Henry M. Taylor had received his full share of said estate and had accepted what he received in lieu thereof, had ratified the same, and was barred now from making claim for lot 3, square 44." This exception on the trial was disallowed by the jury, and the master's report on this nineteenth ground was affirmed. In this nineteenth ground of the master's report thus affirmed by the jury, the master reported: "I find that the said H. M. Taylor received from the administratrix of William Taylor a portion of the estate which was realized from the investment paid by complainant to E. K. Taylor, administratrix, for the lot in dispute, and

that he should account to complainant for his share of said interest in the property received by him, being one-fourth of the same."

In the twentieth finding of the master he says: " I find that the value of said life estate of Sarah Caldwell (formerly Griffin) in lot 3, square 44, since October, 1853, is worth $12 50 per month, one-fourth of which is the interest of the said H. M. Taylor." To this finding of the master complainant did not except. Exceptions to it were filed by Taylor, and the exceptions were disallowed by the jury; so this report by the master stands affirmed.

The twenty-first finding of the master was as follows:

Value of lot from October, 1853, to December, 1880, $4,075.00; one-fourth interest of H. M. Taylor, $1,018.75. Less amount received from estate. $200.00. Amount of rent due H. M. Taylor, $818.75.

To this report of the master complainant excepted, and on the trial of same the exception was disallowed by the jury, thus affirming the master's report.

So, as to the twentieth finding by the master, complainant excepted that the master erred in finding that Henry M. Taylor was entitled to one-fourth of Mrs. Caldwell's life estate in the lot which was disallowed by the court, · as a question for the court, and not excepted to.

In view of these findings by the master and their affirmance, on exceptions taken, by the jury, we see no error in the court in decreeing, as he has done, in favor of H. M. Taylor as to the recovery in money principal $818.75, with interest, as set forth in the decree, or the sum of three dollars and twelve and one-half cents per month rent during the life of Mrs. Sarah Caldwell.

5. As to the other exceptions to the decree, we adjudge that the complainant below is entitled to have the decree amended by decreeing that the suit in ejectment of H. M. Taylor *vs.* The Central Railroad and Banking Company for lot 3, in square 44, should be perpetually enjoined (now in Bibb superior court), and further, that on the pay-

ment of the sums recovered that he should decree that the complainant's title to and possession of lot 3, in square 44, shall be good and valid against Henry M. Taylor and Elizabeth Taylor, administratrix of William Taylor.

Let the decree be amended in conformity with this judgment.

Judgment in first case affirmed. Judgment in second case reversed, with directions.